UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JAMES K. SILVA, ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION |
| v. ) | NO. 22-11758-WGY |
| ) | |
| EDGARTOWN DISTRICT COURT, ) | |
| Defendant, ) | |

YOUNG, D.J.                                                October 26, 2022

**ORDER**

On October 14, 2022, pro se litigant James K. Silva filed a complaint against the Edgartown District Court seeking monetary damages for the alleged denial of his civil rights. See Docket No. 1. Attached to the complaint are several documents including a copy of Silva's December 31, 2021 Application to Proceed without Prepayment of Fees and Affidavit as well as a February 14, 2022 Memorandum and Order entered in Silva v. Edgartown District Court, C.A. No. 22-10113-LTS (dismissed July 20, 2022), appeal filed, October 12, 2022. Id. at 14 - 20.

Here, Silva resubmitted the complaint that he previously filed on January 4, 2022. See Silva v. Edgartown District Court, C.A. No. 22-10113-LTS, Docket No. 1. The Court's records indicate that Silva was advised that the allegations in his complaint failed to state a claim pursuant to 28 U.S.C. § 1983 ("Section 1983") because the allegations fail to meet the

pleading requirements of the Federal Rules of Civil Procedure and that the suit is barred by the applicable statute of limitations and the Rooker-Feldman doctrine. Id. at ECF No. 4. Although Silva was permitted to file an amended complaint, Silva's response did not alter the prior findings and the earlier action was dismissed pursuant to 28 U.S.C. § 1915(e)(2). Id. at ECF No. 6.  Silva filed a notice of appeal.  Id. at ECF No. 9.

When a plaintiff proceeds without legal representation, the Court must construe that plaintiff's complaint liberally. See Rodi v. S. New Eng. Sch. of Law, 389 F.3d 5, 13 (1st Cir. 2004). Even so, the Court must dismiss an in forma pauperis complaint if it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Here, even with a generous reading of the complaint, it does not meet the screening requirements of 28 U.S.C. §1915(e)(2)(B)(i).  Because the instant complaint is a duplicate of the complaint previously filed by Silva, it fails to cure the pleading deficiencies noted in the earlier action.  Here, Silva's claims are untimely, the defendant is not a suable entity and this federal court may not, pursuant to the Rooker-Feldman doctrine, exercise appellate jurisdiction over state

courts. In light of the nature of plaintiff's claims, the Court finds that amendment would be futile. Garayalde-Rijos v. Municipality of Carolina, 747 F.3d 15, 23 (1st Cir. 2014) (explaining that sua sponte dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile).

Based upon the foregoing, the motion (Docket No. 1, p. 14) for leave to proceed in forma pauperis is ALLOWED and this case is DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief may be granted.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE